UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MARYAM AYAZI,

                            Plaintiff,

              v.

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                            Defendant.

------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 2 5 2013 ★
BROOKLYN OFFICE

**MEMORANDUM & ORDER**
08-CV-2456 (MKB)

MARGO K. BRODIE, United States District Judge:

On December 1, 1998, Plaintiff Maryan Ayazi, proceeding *pro se*, filed a complaint, *Ayazi v. N.Y.C. Bd. of Educ.*, 98-CV-7461 ("*Ayazi I*"), in which she alleged violations of the ADA and the Due Process Clause. United States District Judge Nicholas G. Garaufis[1] dismissed the *Ayazi I* complaint in 2006, and, on June 12, 2008, Plaintiff filed the instant action, raising substantially similar claims.[2] Defendants moved to dismiss the Complaint, and Judge Garaufis granted Defendants' motion to dismiss but gave Plaintiff leave to amend certain claims. *Ayazi v. N.Y.C. Dep't of Educ.*, No. 08 Civ. 2456, 2011 WL 441774, at *13 (E.D.N.Y. Feb. 7, 2011). Plaintiff filed the Amended Complaint, which Defendants then moved to dismiss. On September 28, 2012, this Court granted Defendants' motion to dismiss the Amended Complaint in its entirety. *Ayazi v. N.Y.C. Dep't of Educ.*, No. 08 Civ. 2456, 2012 WL 4503257, at *9 (E.D.N.Y.

---

[1] This action was reassigned to the undersigned on March 23, 2012.

[2] The Court of Appeals for the Second Circuit reversed the dismissal of *Ayazi I*, and the case was reopened in 2009. A jury trial was held in *Ayazi I*, and the jury rendered a verdict for Defendant on all claims.

Sept. 28, 2012). Plaintiff timely moved for reconsideration. For the reasons set forth below, Plaintiff's motion for reconsideration is denied.

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* Local Rule 6.3 (The moving party must "set[ ] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."). "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Hidalgo v. New York*, No. 11 Civ. 5074, 2012 WL 3598878, at *1 (E.D.N.Y. Aug. 20, 2012) (citation and internal quotation marks omitted). A motion for reconsideration "should not be used as a vehicle simply to voice disagreement with the Court's decision, . . . nor does it present 'an occasion for repeating old arguments previously rejected or an opportunity for making new arguments that could have previously been made.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753, 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (citations and alteration omitted). Moreover, "it is well-settled that a party may not, on a motion for reconsideration, raise an argument for the first time." *Image Processing Tech., LLC v. Canon Inc.*, No. 10 Civ. 3867, 2012 WL 253097, at *1 (E.D.N.Y. Jan. 26, 2012) (citation, alteration and internal quotation marks omitted) (collecting cases).

Having reviewed Plaintiff's motion, the Court finds that she has failed to provide a proper basis for reconsideration. Plaintiff simply repeats arguments that she advanced in the underlying papers or raises arguments for the first time that relate to *Ayazi I*. "It is black letter law that a motion for reconsideration may not be used to advance new facts, issues or arguments

not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Prof'l Football Ltd. P'ship*, 409 F. App'x 401, 403 (2d Cir. 2010) (citation and internal quotation marks omitted). Plaintiff does not point to any "controlling decisions or data that the court overlooked." *Shrader*, 70 F.3d at 257. Accordingly, Plaintiff's motion for reconsideration is denied.

SO ORDERED

/S/ Judge Margo K. Brodie

MARGO K. BRODIE
United States District Judge

Dated: January 25, 2013
       Brooklyn, New York